Joseph **GYULAY** and Joan M. Gyulay, his wife, and Deborah M. Gyulay, Plaintiffs,

v.

Carol Ann **AIUPPY**, Defendant.

Civ. A. No. 84–90 Erie.

United States District Court, W.D. Pennsylvania.

March 5, 1985.

T. Warren Jones, MacDonald, Illig, Jones & Britton, Erie, Pa., for plaintiffs.

Wallace J. Knox, Erie, Pa., for defendant.

## OPINION

MENCER, District Judge.

The plaintiffs, Ohio residents, brought suit against the defendant, a Pennsylvania resident, to recover damages for injuries sustained by them in a motor vehicle accident which occurred on March 26, 1982, in Crawford County, Pennsylvania. The plaintiffs alleged negligence on the defendant's part in the operation of her vehicle. The accident occurred at a time when Pennsylvania, but not Ohio, had a no-fault motor vehicle insurance act in effect. 40 P.S. § 1009.101 *et seq.* (1984–85 Supp.). The plaintiffs made claims for and received benefits pursuant to the Pennsylvania act from the Ohio Casualty Group for medical expenses and work loss. The plaintiffs also brought suit in federal court under our diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The defendant has filed a Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 with regard to any claims for which the plaintiffs have already received payment pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act and to bind the plaintiffs by the provision in that Act which partially abolishes tort liability. 40 P.S. § 1009.301.

It appears to this Court that part of the defendant's position on this legal issue is essentially correct. The plaintiffs, having elected to receive benefits pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act, should not be able to recover for these same losses again.

The accident in this case is covered by 40 P.S. § 1009.110, which deals with motor vehicles in interstate travel. Subsection (c) deals with the applicable law in such accidents and states that:

(1) The basic loss benefits available to any victim ... shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle accident resulting in injury occurs. If there is no such state no-fault plan in effect ..., then basic loss benefits available to any victim shall be determined pursuant to the provisions of the state no-fault plan

for motor vehicle insurance, if any, in effect in the state in which the accident resulting in injury occurs.

(2) The right of a victim ... to sue in tort shall be determined by the law of the state of domicile of such victim....

In *Toter v. Knight,* 278 Pa.Super. 547, 420 A.2d 676, 679–80 (1980), § 1009.110(c) was held to mean that:

If the non-resident is domiciled in a state that does not have in effect a state no-fault plan ..., then he is entitled to the basic loss benefits provided under Pennsylvania's No-Fault Act. *However,* ... under section 110(c)(2) the non-resident *always* retains the tort remedies that are available under the law of his home state. (Emphasis added.)

If this Court follows the view expressed in *Toter,* which we must do in accord with the deference due to a decision by a Pennsylvania court when we are dealing with a diversity case, then the plaintiffs can recover under the Pennsylvania No-Fault Act AND can retain the tort remedies provided by Ohio law. Pennsylvania courts have admitted that § 1009.110(c) can accord non-resident plaintiffs liberal treatment but that possibility does not change the courts' interpretation of the section. *Toter* at 681 and *Muller v. State Farm Insurance Co.,* 31 D. & C.3d 87, 93 (1984).

■ However, the plaintiffs are not entitled to a double recovery. The plaintiffs have chosen to take their assured basic loss benefits, which are payable regardless of fault, under the Pennsylvania No-Fault Act. Having made this choice, the plaintiffs should not be able to recover the amounts paid under the Act a second time in their tort action, even though they have the right to bring this tort action under Ohio law. *Flowers v. Smith,* 12 D. & C.3d 434 (1979). The plaintiffs, having received the benefit of the Pennsylvania No-Fault Act, have no right to the benefit of a second recovery of those amounts from the defendant.

■ The plaintiffs can, in their tort action, recover amounts not covered by the basic loss benefits under the Act. They are not bound by the provisions of 40 P.S. § 1009.301, which partially abolishes tort liability, because of 40 P.S. § 1009.110(c), which specifically deals with accidents involving non-residents of Pennsylvania and reserves to these non-residents their tort remedies under their own state laws. *Toter* 278 Pa.Super. 547, 420 A.2d at 681. For example, the defendant would remain liable for work loss to the extent that this work loss had not been compensated due to the work loss benefit limitations under 40 P.S. § 1009.202(b) of $1,000 per month and $15,000 total. *Vespaziani v. Insana,* 501 Pa. 612, 462 A.2d 669, 671 (1983) and *Zettle v. Donley,* 18 D. & C.3d 200, 203 (1981). The plaintiffs may also be able to recover from the defendant for any medical expenditures that were not covered under "allowable expense" pursuant to 40 P.S. § 1009.202(a). And, the defendant would remain liable to the plaintiffs for damages for non-economic detriment even if the plaintiffs could not meet the threshold requirements of the Pennsylvania No-Fault Act because of the remedies available to them under Ohio law.

This Court is not persuaded by the defendant's arguments that the plaintiffs, by making claims for and receiving benefits under the Pennsylvania No-Fault Act, are bound by its provision abolishing tort liability for "other than non-economic detriment." Neither is this Court persuaded by the plaintiffs' arguments regarding Ohio's collateral source rule, which would appear to allow double recovery in this case. This Court is of the view that the defendant is entitled to credit the benefit received by the plaintiffs under the Pennsylvania No-Fault Motor Vehicle Insurance Act to the extent that the plaintiffs were paid monies under it.

An appropriate order will be issued.

### ORDER

AND NOW, this 5th day of March, 1985, IT IS ORDERED that the Motion for Partial Summary Judgment filed by the Defendant, Carol Ann Aiuppy, is GRANTED

 

IN PART and DENIED IN PART. The Motion is GRANTED as to the claims by the Plaintiffs, Joseph Gyulay, Joan M. Gyulay and Deborah M. Gyulay, for damages for medical expenses and work loss for which they have been paid sums pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act. The Motion is DENIED as to the remaining claims.